**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4136

ERNEST MELVIN TUCKER, a/k/a Sonny
Tucker,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, District Judge.
(CR-95-11)

Submitted: August 31, 1999

Decided: September 24, 1999

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Sean Murphy, MURPHY & FITZ, P.L.L.C., Morgantown, West
Virginia, for Appellant. David E. Godwin, United States Attorney,
Thomas O. Mucklow, Assistant United States Attorney, Martinsburg,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest Melvin Tucker was sentenced in 1997 to 120 months imprisonment for possession of a Marlin rifle in the summer of 1994 while a convicted felon, see 18 U.S.C.A.§ 922(g)(1) (West Supp. 1999) (Count 8), a concurrent 348-month sentence for possession of crack cocaine with intent to distribute in October 1994,[1] see 21 U.S.C. § 841(a) (1994) (Count 35), and a consecutive 60-month sentence for using or carrying a firearm during and in relation to a drug offense in June 1994, see 18 U.S.C.A. § 924(c) (West Supp. 1999) (Count 18). He appealed his sentence, arguing in part that the government had breached the plea agreement by arguing for application of the cross reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(B) (1995),[2] which raised the offense level for Count 8 to 41 based on Tucker's state conviction for a felony murder which was committed in August 1994. We agreed that the plea agreement had been breached and remanded the case for resentencing to allow the district court to reconsider application of the cross reference. On remand, the government took no position on the application of the cross reference but the district court again found that it applied and imposed the same sentence. Tucker appeals, contending that the district court erred in applying the cross reference, in finding that Count 8 and Count 35 could be grouped together under USSG§ 3D1.2(d),

_____

[1] The court imposed a sentence of 360 months but gave Tucker credit for 12 months spent in state custody.

[2] The cross reference directs that, if the defendant used any firearm in connection with the commission of another offense, or possessed or transferred any firearm with the knowledge or intent that it would be used in connection with another offense, and death resulted, the most analogous homicide offense guideline should be used if it is greater than the offense level otherwise determined under § 2K2.1. Application of the cross reference raised the adjusted offense level for Count 8 from 25 to 43.

and in finding that the state felony murder conviction was relevant conduct. We affirm.

The factual basis for Tucker's guilty plea established that he possessed at least two firearms during the summer of 1994--the Marlin rifle charged in Count 8 and a pistol--but the weapon used in the felony murder was never recovered, and the government did not attempt to prove that it was the firearm charged in Count 8. Tucker contends that USSG § 2K2.1(c)(1)(B) applies only if the particular firearm involved in the count of conviction is used to commit another offense. After a careful review of Tucker's argument, we find that the district court correctly interpreted the guideline and correctly applied the cross reference. See United States v. Fortier , 180 F.3d 1217, 1999 WL 445164, at *8 (10th Cir. 1999) (section 1B1.3(a) provides that cross references are applied in light of relevant conduct; applying § 2K2.1(c)).

Next, Tucker argues that the district court erred in finding that Count 8 and Count 35 could be grouped together under USSG § 3D1.2(d) because they involved the same course of conduct. However, Count 8 and Count 35 were not grouped together, but were placed in separate groups by the probation officer. We note that, in his sentencing memorandum submitted before the first sentencing hearing, Tucker argued that the offense level for the § 922(g) count should not be enhanced by use of the cross reference, and thus no unit increase should be made under § 3D1.4 because the offense level for Count 8 would be more than nine levels less severe than the offense level for Count 35. Because the district court found that the cross reference applied to Count 8, the offense levels for the two counts were less than nine levels apart, and this argument became moot. At the first sentencing, the district court found that Count 8, the § 922(g) offense, was an offense which would be grouped under § 3D1.2(d) if there were several such counts, and thus, under § 1B1.3(a)(2), relevant conduct for that count included conduct which was part of the same course of conduct. This finding was correct; § 3D1.2(d) states that offenses covered by USSG § 2K2.1 are to be grouped under that subsection when there are multiple counts.

Last, Tucker contends that, if Count 8 and Count 35 were not grouped together under USSG § 3D1.2(d), the "same course of con-

3

duct" analysis was unavailable, and the murder could not be relevant conduct. This argument is without merit because the district court could consider as relevant conduct any of Tucker's acts which were part of the same course of conduct as the § 922(g) offense, regardless of whether Count 8 and Count 35 were in the same or separate groups. See USSG § 1B1.3(a).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4